[Civ. No. 7244. First Appellate District, Division Two.—June 19, 1930.]

MINNIE GRIGGS, Appellant, v. GEORGE COOK, Respondent.

R. B. Tappan for Appellant.

Snook & Snook & Chase and Samuel H. Wagener for Respondent.

NOURSE, P. J.—Plaintiff sued for damages as the result of a fall upon premises leased by plaintiff from the defendant. The cause was tried by the court without a jury. Findings and judgment were entered for the defendant and the plaintiff appeals on typewritten transcripts.

Some time after plaintiff had leased the premises and while she was residing thereon the city of Oakland graded and paved the street in front of the premises and constructed a sidewalk. In doing this work the grade of the street and sidewalk was lowered so that an embankment was left from twelve to fourteen inches high along the front of the premises where the property line abutted the sidewalk. This condition remained for about two months, during which time plaintiff and her family passed in and out of the premises daily crossing this embankment at the driveway. On March 31, 1927, while plaintiff was leaving the premises she stepped upon this embankment at the property line. The embankment had become unstable and disintegrated from winter rains and gave way to plaintiff's weight, causing the injuries complained of.

The only point raised on the appeal is that the trial court should have given a different judgment. The finding that respondent did not obligate himself to repair the conditions is fully supported by the evidence. ■ The rule of law that, in the absence of fraud, concealment or covenant in the lease, a landlord is not liable in damages to a tenant for injuries due to the defective condition of the prem-

ises is clearly stated in 15 California Jurisprudence, 704 and 706, where cases are cited.

But the appellant argues that this case should be treated as an exception to this general rule and cites some authorities from foreign jurisdictions wherein liability was imposed upon the landlord. Whatever exceptions there may be in these cases we have found none holding that where, as here, the trial court has found that the plaintiff had full knowledge of the defective conditions and brought about the injury by her own carelessness and negligence, the landlord may be held for damages. A recent decision on this point is *Nelson* v. *Myers,* 94 Cal. App. 66 [270 Pac. 719, 722], where it is said: "The contributory negligence of a tenant will bar his recovery for injuries sustained from defects of which he has knowledge," citing 16 R. C. L. 1049.

The appellant does not attack the trial court's finding of her contributory negligence and this finding is sufficient to support the judgment.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.