[Civ. No. 7600. First Appellate District, Division One.—August 24, 1931.]

AILEEN FISHER et al., Respondents, v. THOMAS PENNINGTON et al., Appellants.

Hadsell, Sweet & Ingalls for Appellants.

Rothchild & Golden and M. Mitchell Bourquin for Respondents.

WARD, J., *pro tem.*—Defendants and appellants Pennington owned and operated an apartment house in San Francisco. Plaintiff and respondent Aileen Fisher paid one month's rent in advance for a furnished apartment. On the morning of the thirteenth day of March, 1929, plaintiff was occupying a bed in the furnished apartment when the door to which the bed was attached fell inward over the top of the bed, causing injuries to plaintiff. A jury returned a verdict against the defendants.

The door was used as a partition between a room and a closet and was attached to the floor and the overhead wall. Its removal would have marred the appearance of the apartment to its detriment, and therefore may be considered part of the realty. The bed was connected to the door by small plates fastened by a few screws that could easily be removed. Section 660 of the Civil Code provides as follows: "A thing is deemed to be affixed to land when it is attached to it by roots, as in the case of trees, vines or shrubs; or imbedded in it as in the case of walls; or permanently resting upon it, as in the case of buildings; or permanently attached to what is thus permanent, as by means of cement, plaster, nails, bolts or screws." In this section "permanently attached to what is thus permanent" is the legal rule; "as by means of cement, plaster, nails, bolts or screws" is merely illustrative. An article may be attached other than by the examples given. For instance, lumber may be attached by means of strips of hides; paper

may be placed upon the walls by the use of some adhesive substance; mouldings may be made permanent by proper fittings without the use of nails or screws. ▮ The fact that a screw or nail fastens an article to the realty is not determinative of its permanent attachment to the realty. In *Gosliner* v. *Briones,* 187 Cal. 557, at page 559 [204 Pac. 19, 20], the court said: "This section of the code is simply a rule for general guidance concerning itself more with ultimate than with probative facts. Whether or not in any case a building is 'permanently resting upon' the soil so as to be deemed 'affixed to the land' within the meaning of the section remains a question of fact to be determined upon the evidence of that case." The intent of the parties is the determining factor; the use made of the article is of importance in determining this intent. A bed ordinarily is not part of the realty though it may be made such by permanently attaching it to the realty as by building it into the wall so that it would be immovable and its destruction would result in injury to the realty. The mere erection of a building upon land does not necessarily make it a fixture (*Pennybecker* v. *McDougal,* 48 Cal. 160). Whether any article attached to realty is a fixture is to be determined from the facts and circumstances of the particular case (*Miller* v. *Waddingham,* 91 Cal. 379 [13 L. R. A. 680, 27 Pac. 750]). The bed in this case could have been removed without disfiguring the side of the door that ornamented the room. The marks resulting from the extraction of a few screws would have created but slight disfigurement to the closet side of the door. When all the attending circumstances and the intent of the parties is considered, there is no doubt that the bed was part of the furnishings of the apartment and therefore personalty. Respondents desired to contract for a furnished apartment. Appellant by acceptance of the rental contracted to supply the furniture. A necessary adjunct for living accommodations is a bed or some contrivance used in lieu thereof. Personal property, let to a hirer or renter, must be put into condition fit for its intended purpose or use (Civ. Code, sec. 1955). ▮ Furniture supplied to the renter of a furnished apartment imposes on the owner a liability "for all damages caused by the defects or devices of the thing deposited" (Civ. Code, sec. 1833). In the renting of a furnished apartment there is an

implied warranty that the furniture is fit for use or occupation. The defendants had a superior knowledge of the operation of the door and bed. There is no evidence in this case from which a reasonable inference could be drawn that the collapse of the door was occasioned by the fault of the plaintiff or that the accident was the result of the wrongful use of the sleeping contrivance by the plaintiff. The case of *Watwood* v. *Fosdick,* 212 Cal. 84 [297 Pac. 881], and the other cases cited by appellant are not in point. All of these cases cover the doctrine relative to realty disconnected with personalty. The renting of the bed, personal property, attached to the door, real property, presents a mixed contract of hiring of personalty and realty. ■

If the article furnished or supplied is connected or attached with another article or contrivance only incidental to the use of the article furnished, then it is reasonable to conclude that the hirer or renter warrants not only the article furnished but the incidental articles connected therewith and necessary to its proper use.

■ Appellants could have furnished a bed disconnected with any part of the realty, but they chose to supply a bed attached to a door and hence became responsible for the defects of the door. To the extent that the door was a necessary adjunct of the bed it may, so far as the facts of this case are concerned, be considered as personalty, that is, part of the furniture. A hotel-keeper is required to keep the furniture in good repair and this irrespective whether the rental is for one day or one month. The same rule should and does apply to an apartment house-keeper (36 Cor. Jur. 48). Keepers of furnished apartments have the same lien upon baggage, etc., as the hotel-keepers. (See Civ. Code, secs. 1861a, 1862.) Every person is responsible by his want of ordinary care in the management of his property for an injury sustained by the use of such property except in cases where the user has brought injury upon himself. (See Civ. Code, sec. 1714.) By the rental contract plaintiffs were conveyed an estate in the demised premises and they were entitled to the use and enjoyment of their habitation. ■

A tort-feasor is liable notwithstanding the existence of a contract. If the cause of action arises from a breach of duty growing out of a contract it is *ex delicto.*

■ In omitting to perform a duty imposed under the law, namely, to supply a bed safe to sleep in, appellants were guilty of negligence. It is not necessary in this case to invoke the doctrine of *res ipsa loquitur*. What has been said herein answers appellants' criticisms of the court's instructions.

Judgment affirmed.

Tyler, P. J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 23, 1931, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 22, 1931.