[Civ. No. 10637. First Appellate District, Division Two.—January 7, 1938.]

STEFFANE COLBURN, Appellant, v. IVAN Y. SHURAV-LEV, Respondent.

Maurice R. Carey, Lloyd Hummel and John A. Gorfinkel for Appellant.

Cooley, Crowley & Supple for Respondent.

NOURSE, P. J.—In an action for personal injuries defendant had a judgment for nonsuit from which plaintiff appeals. The action was brought by a tenant against a landlord to recover damages caused to the tenant when she tripped over a defective rug in defendant's apartment and fell injuring her shoulder. Plaintiff first occupied the premises on August 19, 1936, under a month to month tenancy; the injury occurred October 25, 1936. On that day plaintiff had removed the rug from its usual place in the hall and had placed it on the living room rug for the purpose of cleaning it. When the front door bell rang she hurried to the door and tripped over the rug. At the time she first occupied the apartment,

and again a month prior to the injury, plaintiff had notified defendant's manager of the defect in the rug and each time had received the promise that it would be repaired.

On this appeal the respondent contends in support of the judgment that the defect in the rug was patent; that appellant knew of this defective condition at the time she took possession of the premises and throughout the period of her occupancy; that she had an effective remedy under section 1942 of the Civil Code to either repair the defect and deduct the cost thereof from the rent or to vacate the premises. For these reasons it is contended that plaintiff voluntarily assumed the risks to be anticipated from the dangerous condition of the premises. The appellant does not meet these contentions with any argument supported by California authorities. Her points relating to the duty of the landlord generally, the rules relating to the defense of contributory negligence and to the excuse of ''momentary forgetfulness'' do not require discussion because the rights of the parties are controlled by the principles which follow. The rule, which is supported in this state by a long line of decisions, is stated in 15 Cal. Jur., pages 704–706, as follows:

''In the absence of fraud, concealment, or covenant in the lease, a landlord is not liable to a tenant for injuries due to the defective condition or faulty construction of the demised premises. This is the rule at common law, and it has not been changed by section 1941 of the Civil Code. That the landlord was given notice under the statute to repair is immaterial. . . . In the absence of special warranty or agreement, the tenant in taking the leased premises assumes all risks arising from damages which are obvious to ordinary observation.''

It is sufficient to cite in support of the text *Watwood* v. *Fosdick*, 212 Cal. 84 [297 Pac. 881], *Griggs* v. *Cook*, 106 Cal. App. 551 [289 Pac. 693], *Ellis* v. *McNeese*, 109 Cal. App. 667 [293 Pac. 854], *Priver* v. *Young*, 62 Cal. App. 405 [216 Pac. 966], and *Van Every* v. *Ogg*, 59 Cal. 563. The purport of these decisions is that, when a tenant voluntarily remains on leased premises with full knowledge of their dangerous or defective condition, he assumes all risks which are obvious to ordinary observation.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 7, 1938.