[Civ. No. 11940. First Dist., Div. Two. May 1, 1942.]

CLARA DORSWITT et al., Appellants, v. G. H. WILSON et al., Respondents.

George K. Ford and Simpson Finnell, Jr., for Appellants.

Cooley, Crowley & Supple for Respondents.

DOOLING, J. pro tem.—This is an appeal from a judgment of nonsuit entered at the close of plaintiffs' case. Plaintiff rented a furnished apartment from defendant on August 21, 1935. At that time a portion of the plaster on the ceiling of the living room was cracked and looked like it was going to fall. Defendant had been notified of this condition by the manager of the apartment house but plaintiff at the time of renting was not informed of it. About August 23 plaintiff noticed the crack in the ceiling. On August 28 the crack seemed to have gotten larger and a little corner of the crack was sagging. On August 29 plaintiff notified the defendant and he came to the apartment and inspected the ceiling. Plaintiff said: "I will show it to you Mr. Wilson before anything happens; my daughter didn't see you yesterday to tell you about it so I was kind of worried about it. . . . I thought I would let you know in case anything happened. . . . Mr. Wilson, this looks very bad; I wouldn't want anything to happen, we are just here on a vacation, it would be a terrible thing." Defendant said, "this looks terribly bad," and promised to send a man up the next day to fix it. The ceiling was not repaired on August 30. Plaintiff and her daughter slept in a roll-away bed which could be placed anywhere in the apartment. Instead of moving the bed to another portion of the living room it was placed under the cracked part of the ceiling on the night of August 30, and early in the morning of August 31 the plaster from the ceiling fell on plaintiff as she lay in bed.

Plaintiff relies upon the rule of law that where a tenant is injured by a latent or hidden defect known to the landlord at the time of letting, but concealed by him from the tenant, the landlord is liable. (*Stanley* v. *Lander*, 3 Cal. App. (2d) 284 [39 P. (2d) 225].) In seeking to apply it to this case plaintiff is straining the rule beyond its reason. It is not the dangerous condition which renders the landlord liable but its concealment, and the concealment is no longer a factor in the injury to the tenant once the dangerous condition is discovered

by him. The conversation of August 29 above quoted makes it clear that plaintiff was as fully aware of the danger as defendant. Passing the question of her contributory negligence, which might possibly be a question of fact, the plaintiff was injured by a condition of which she was as cognizant as the defendant and concealment was no part of its proximate cause. In the language of some of the cases she must be held to have assumed the risk of a dangerous condition fully known to her. (*Colburn* v. *Shuravlev*, 24 Cal. App. (2d) 298 [74 P. (2d) 1060]; *Priver* v. *Young*, 62 Cal. App. 405 [216 Pac. 966].)

Plaintiff also seeks to bring the case within the doctrine that where the landlord undertakes to make repairs he is liable for his negligence in making them. (*Janofsky* v. *Garland*, 42 Cal. App. (2d) 655 [109 P. (2d) 750].) The cited case furnishes its own answer to appellant's claim. At page 657 of the Janofsky case the court says, quoting from a New York decision: ''The distinction in such cases is the old one between nonfeasance and misfeasance.'' To labor the point, the landlord in failing to make the promised repairs was guilty of nonfeasance. Only if he had made them and done so negligently would he have been guilty of misfeasance and thus brought himself within the rule of the Janofsky case. (Shearman and Redfield on Negligence, rev. ed., vol. 4, § 785, p. 1804.) The mere failure to make repairs after notice or a promise to do so imposes no tort liability on a landlord. (*Priver* v. *Young, supra; Graser* v. *Flanagan*, 35 Cal. App. 724 [170 Pac. 1076]; *Sieber* v. *Blanc*, 76 Cal. 173 [18 Pac. 260]; Tiffany on Real Property, 3d ed., vol. 1, §106, p. 160; Shearman and Redfield on Negligence, rev. ed., vol. 4, § 786, p. 1805.)

There is no room in this case for the application of the res ipsa loquitur doctrine. That is only a rule of evidence raising an inference of negligence from proved facts and not an independent ground of liability. The rules of law applicable to the landlord-tenant relation, above discussed, leave no place for application of the res ipsa loquitur doctrine to the facts of this case.

Judgment affirmed.

Nourse, P. J., and Sturtevant, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied June 29, 1942. Carter, J., voted for a hearing.