[Civ. No. 15916.   Second Dist., Div. Two.   July 28, 1947.]

ELEANOR VERONICA DAULTON, Appellant, v. FRANK O. WILLIAMS, Respondent.

Mitchell, Silberberg & Knupp and Arthur Groman for Appellant.

Reginald I. Bauder, Wayne Veatch and W. I. Gilbert, Jr., for Respondent.

MOORE, P. J.—The question for decision is whether from the proof submitted an inference could reasonably have been drawn that the landlord was culpably negligent in not having warned his tenant against the danger of pressing a porcelain plumbing fixture where it had been used by the tenant for over two years and its defect was patent to the tenant users.

After appellant, her husband and their child had as tenants occupied a furnished apartment of respondent for two and a half years the good lady broke a porcelain handle on a hot water faucet into many a fragment and thereby inflicted a deep cut in her hand. Having suffered some grievous in-

juries she sued her landlord for resulting damages. After she had submitted her evidence a nonsuit was granted on motion of the respondent. From the ensuing judgment of dismissal comes this appeal.

A résumé of the evidence shows that respondent built the six-family-flat building in 1923 and operated it to the date of appellant's injury, to wit, October 24, 1945. At the time of the original construction all of the plumbing fixtures included standardized porcelain handles on the faucets. Through the years a porcelain handle broke now and then. While respondent replaced the broken ones with metal handles, the unbroken original porcelains continued in use. This was true as to appellant's flat prior to her occupancy. Her faucets were leaking at the date of her injury and had been since she first moved in. It was difficult to cut off the water by turning the handles. They were of ceramic material which when broken formed a sharp cutting edge. This fact was known to respondent when he leased the flat to appellant but at no time prior to her injury did appellant know of the glass-like material and thought the handles were iron. On two occasions after her occupancy and prior to the injury, respondent had made repairs in her flat to stop the leaking of the faucets but was unsuccessful.

Appellant contends that by giving full weight to the evidence, by indulging all favorable presumptions and drawing all favorable inferences, she has established a hidden defect in the rented premises; that since the porcelain handles had been in daily use for 22 years and many of the handles had broken since the house was built respondent knew that those which remained must be defective and that such defect was not patent to the tenant. But the fact that other units had broken is not proof that the handle on appellant's bathtub was defective. It is a matter of common knowledge that some porcelain handles on faucets are without defects after twenty-five or thirty years although others fail in less time. When installed in respondent's building they were standard equipment. The only proof that respondent had knowledge of the defective condition of the handle in question was the testimony of Mr. Daulton that he had written respondent a month before appellant received her injury. If he considered the porcelain defective his knowledge must have been imparted to appellant who knew it prior to using it on October 24. She and her husband had then occupied the flat two and a half

years to the exclusion of respondent. When they had no response from the letter it was their right to have a new handle substituted for the old one at the landlord's expense and their duty not to make use of the instrument in its defective condition.

Not having concealed any defective condition from his tenants or positively misrepresented the condition of his tenement, a landlord is not liable to his tenant for injuries due to a defective condition or faulty construction. (*Colburn* v. *Shuravlev*, 24 Cal.App.2d 298, 299 [74 P.2d 1060].) Also, before a landlord can be liable for the existence of such defect it must be proved that he actually knew of it. (*Ellis* v. *McNeese*, 109 Cal.App. 667, 670 [293 P. 854]; *Turner* v. *Lischner*, 52 Cal.App.2d 273, 277 [126 P.2d 156]; *Ayres* v. *Wright*, 103 Cal.App. 610, 616 [284 P. 1077].) There is nothing contrary to such holdings in *Shotwell* v. *Bloom*, 60 Cal.App.2d 303 [140 P.2d 728], as will later appear. The landlord is bound to disclose such concealed defects as are known to him at the date of the letting and then only if they are such as would not be discoverable by a reasonable inspection. (*Hassell* v. *Denning*, 84 Cal.App. 479, 481 [258 P. 426]; *Zavalney* v. *Donovan*, 70 Cal.App.2d 182, 184 [160 P.2d 558].)

It is not true that appellant had no means of knowing the age of the porcelains in her flat or that others had broken. Having lived in the house two and a half years she learned its approximate age. Also, she observed that some metallic handles had been installed in the places of removed porcelains. Respondent had no more definite knowledge than appellant of a defect in the handle of appellant's bathtub faucet.

Error is assigned as to the holding that appellant failed to make proof that respondent did not exercise reasonable care in making repairs. She maintains that she was not required to prove that a defective condition was rendered worse by the landlord's efforts but merely that after his repairs a defect still existed, citing *Janofsky* v. *Garland*, 42 Cal.App.2d 655 [109 P.2d 750]. But evidence of his having made repairs did not warrant the inference of respondent's negligence in repairing the faucet. His testimony is the only proof that approached the subject. He knew of no particular time when he repaired the bathtub faucet. While he had made such repairs as cleaning out clogged drain pipes and putting in washers he had no memory of having done any

work on the offending handle or its faucet. Appellant knew that he had made two plumbing repairs in her flat in the period of her occupancy but such visits could not warrant a finding that he had negligently or purposefully hammered the porcelain handle or otherwise rendered it defective. In view of the want of evidence that the faucet handle had ever been touched by respondent, a jury could not have determined his negligence in repairing that particular faucet from the fact that all the faucets were leaking and that appellant was required to exert pressure on the handle to turn off the water. There is no relation betwen a leaking faucet and its handle. The leak results from either a worn washer or a scored seat. If all the faucets were leaking such defects had not recently been repaired. In any event, appellant did not exert any more pressure on the handle of the bathtub faucet to turn off the water than she had applied to similar pieces of equipment. Even though appellant's husband did notify respondent of the impairment of the porcelain handle, respondent was not liable for her injuries because of his failure to make the repair. (*Dorswitt* v. *Wilson,* 51 Cal.App.2d 623, 625 [125 P.2d 626] ; *Priver* v. *Young,* 62 Cal.App. 405 [216 P. 966] ; *Sieber* v. *Blanc,* 76 Cal. 173, 174 [18 P. 260].)

Appellant seeks comfort in the affirmation that in considering a judgment of nonsuit the usual rules on appeal do not govern the reviewing court and that the presumption of the judgment's correctness is not to be indulged. It is of course the rule on such appeals that the evidence must be construed most strongly in favor of the plaintiff. (*Cain* v. *Marquez,* 31 Cal.App.2d 430, 444 [88 P.2d 200].) But a nonsuit is proper where the evidence is of such character as not to warrant a finding in plaintiff's favor. (*Curry* v. *Williams,* 109 Cal.App. 649, 655 [293 P. 623] ; *Pacific National Co.* v. *Southwest Finance Co.,* 4 Cal.App.2d 326 [40 P.2d 862] ; *Baird Estate,* 198 Cal. 490 [246 P. 324].)

Appellant contends that the court below "did not give proper weight to the principles governing the determination of a motion for nonsuit," citing *Kirk* v. *Los Angeles Railway Corp.,* 26 Cal.2d 833, 837 [161 P.2d 673, 164 A.L.R. 1], and *Bush* v. *Weed Lbr. Co.,* 55 Cal.App. 588 [204 P. 24]. Such contention is a gratuity. The cited cases hold nothing more than is commonly known to trial judges, and there is no proof that the judge who tried this action was not cognizant of the principles which control the decision of such a motion.

If a lessor is not shown to have had knowledge of latent dangerous defects in his tenement prior to leasing he is not liable for injuries that result therefrom. If there had been any evidence of such knowledge on the part of respondent the "principles governing the determination" of respondent's motion would be applied exactly to the same extent in reversing the judgment as they are now applied in the affirmance.

A landlord is not an insurer of his premises against injuries to his tenant unless he fails to disclose the existence of hidden defects of which he had actual knowledge. Moreover, the tenant must himself use reasonable care and diligence to inspect the property in which he is to reside. His failure to exercise such care defeats his claims for injuries based upon the alleged negligence of the landlord. (*Nelson* v. *Myers,* 94 Cal.App. 66, 75 [270 P. 719].) The landlord is not liable because of the presence of the dangerous condition, but solely by reason of his concealment thereof. (*Dorswitt* v. *Wilson,* 51 Cal.App.2d 623, 624 [125 P.2d 626].)  In failing to make promised repairs a landlord is guilty of mere non-feasance for which he is not liable. Misfeasance results only in making them negligently. (*Janofsky* v. *Garland,* 42 Cal. App.2d 655 [109 P.2d 750].)

There is no duty on the landlord to inspect his tenement with the object of locating latent defects or of repairing them. (*Shotwell* v. *Bloom,* 60 Cal.App.2d 303, 309 [140 P.2d 728]; *Ellis* v. *McNeese,* 109 Cal.App. 667, 672 [293 P. 854].) Where no part of the tenement is reserved for the use of the landlord or of other tenants the rule of caveat emptor applies to the tenant. (*Toner* v. *Meussdorffer,* 123 Cal. 462, 465 [56 P. 39].) This case held that even though the landlord asserted positively and without qualification that the premises were entirely safe, yet since the defect was so latent that none of plaintiff's family discovered it during five months' occupation, the representation was not fraudulent unless before making his declaration he was called upon to make such examination as would have led to a discovery of the defect. Such holding leaves little to be said for the claim of appellant who found no defect in the handle for more than two years. Such discovery by her husband is evidence that it was visible to appellant. Neither of them exercised any care either to repair it or to avoid the use of it. If a lessee continues the use of a defective plumbing unit after his discovery of its defective condition he may not after sustaining injuries

therefrom recover damages from his lessor. (*Zavalney* v. *Donovan*, 70 Cal.App.2d 182, 184 [160 P.2d 558].)

Because there was no evidence that respondent knew of the defective handle at the time of leasing to appellant and her husband, or that he so negligently repaired the handle during their occupancy that it was left in a defective condition and because the defect was not discovered by appellant for over two years and she did not repair it or desist from using it, the motion for nonsuit was properly granted.

Judgment affirmed.

McComb, J., and Wilson, J., concurred.

A petition for a rehearing was denied August 13, 1947, and appellant's petition for a hearing by the Supreme Court was denied September 25, 1947. Gibson, C. J., and Carter, J., voted for a hearing.