[Civ. No. 18548.   Second Dist., Div. One.   Dec. 26, 1951.]

LILLIE SHERRARD, Appellant, v. MARY E. LIDYOFF, Respondent.

E. A. Oppenheim and Ward Sullivan for Appellant.

Moss, Lyon & Dunn, Sidney A. Moss and Henry F. Walker for Respondent.

HANSON, J. pro tem.—This is an appeal by a tenant from an order granting a nonsuit in favor of the landlord in an action for personal injuries occasioned by a defect in the bottom step of a backyard stairway which led to the tenant's apartment and to no other. The tenant occupied the premises with her family upon a month-to-month rental basis. There was no written lease between the tenant and the landlord.

In 1947 a car backed into the lower step of the stairway and broke off a part of the treadboard. Early in 1948 a carpenter employed by the landlord removed the board and substituted another which was cracked its entire length. This fact was observed at the time by the tenant who immediately notified the landlord thereof and demanded that it be repaired. Numerous like demands were made thereafter, but the board was never repaired.

About a year after the split board had been installed the tenant had occasion to hurry down the steps and momentarily forgot the condition of the board. As a consequence she stepped on the center portion of it and not at either end as had been her custom owing to the defect in the board. The board sagged or sprung and as a result the tenant found herself in a sitting position and injured. Prior to this mishap and during the space of a year prior thereto four of her friends who had come to call on her had likewise been thrown "off-balance" by the action of the board, but had sustained no injuries. These incidents were known to the tenant long prior to her own injury.

Upon the facts as stated the initial question is whether the landlord was under a duty to repair the step or to maintain it so as to make it safe or reasonably safe for use by the tenant. In the absence of any such duty it is evident

that the forgetfulness of the tenant is not a factor for consideration. (*Colburn* v. *Shuravlev*, 24 Cal.App.2d 298 [74 P.2d 1060].)

In this state it is a well-established principle of law that in the absence of contract a landlord is not liable to the tenant for personal injuries caused by defects in the demised premises at the time of the letting or which thereafter arise when there is no concealment savoring of fraud.

Accordingly, if the landlord undertakes for a consideration or gratuitously to repair a defect in the premises and does so in a negligent manner and thereby creates a new defect or fails to eliminate the existing defect he is not liable to the tenant for any injuries resulting therefrom if the defect is patent and not latent. (*Dorswitt* v. *Wilson*, 51 Cal. App.2d 623 [125 P.2d 626]; *Daulton* v. *Williams*, 81 Cal. App.2d 70 [183 P.2d 325].)

As was said in *Dorswitt* v. *Wilson*, 51 Cal.App.2d 623 [125 P.2d 626], the "mere failure to make repairs after notice or a promise to do so imposes no tort liability."

Moreover as the case states: "It is not the dangerous condition which renders the landlord liable but its concealment, and the concealment is no longer a factor in the injury to the tenant once the dangerous condition is discovered by him. The conversation of August 29 above quoted makes it clear that plaintiff was as fully aware of the danger as defendant. Passing the question of her contributory negligence, which might possibly be a question of fact, the plaintiff was injured by a condition of which she was as cognizant as the defendant and concealment was no part of its proximate cause. In the language of some of the cases she must be held to have assumed the risk of a dangerous condition fully known to her. (*Colburn* v. *Shuravlev*, 24 Cal.App.2d 298 [74 P.2d 1060]; *Priver* v. *Young*, 62 Cal.App. 405 [216 P. 966].)"

So too in *Daulton* v. *Williams*, 81 Cal.App.2d 70 [183 P.2d 325], it is said: "Not having concealed any defective condition from his tenants °or positively misrepresented the condition of his tenement, a landlord is not liable to his tenant for injuries due to a defective condition or faulty construction."

In this case it is plain from our recital of the facts that the dangerous defect in the board of which the tenant complains was known to her at the time the new board was installed. If, as appellant contends, the board was unsafe

for her use, she was given a statutory right to make a demand upon the landlord to further repair it and if the landlord failed to do so within a reasonable time she was vested with a right to have it repaired and to deduct the cost thereof from her ensuing monthly rental payment. Having failed to avail herself of this statutory right she thereafter assumed all of the risks of personal injury which might thereafter result to her from its negligent reconstruction. ■ The general rule that a landlord who gratuitously undertakes to repair a defect in the leased premises, is liable for negligence in repairing the defect, is restricted in its sweep in this state by the statute mentioned.

■ Even if we were to hold the statute inapplicable, we would yet be compelled to hold under well-established precedents in this state that the plaintiff assumed the risk of the defect which was at all times known to her and for that reason it is immaterial whether the defendant was or was not negligent. In short, negligence is a false quantity in a case such as we have here.

The order and judgment are affirmed.

White, P. J., and Drapeau, J., concurred.

A petition for a rehearing was denied January 14, 1952, and appellant's petition for a hearing by the Supreme Court was denied February 21, 1952. Carter, J., voted for a hearing.