[Civ. No. 23415.   Second Dist., Div. Three.   Mar. 12, 1959.]

JOHN W. EWING, Respondent, v. GEORGE BALAN et al.,
Appellants.

Harold K. Cherness for Appellants.

Philip Mirecki for Respondent.

SHINN, P. J.—Action by a tenant against his landlords for property damage resulting from a fire caused by the explosion of a defective gas water heater supplied by defendants. Trial was to the court, which made findings and entered judgment in favor of plaintiff for $1,500 damages. Defendants appeal from the judgment and have noticed an appeal from the denial of their motion for new trial.

Plaintiff testified that he rented an unfurnished duplex apartment from defendants in February 1956 on a month to month tenancy. Defendants had previously installed a gas water heater which was located inside a closet in the kitchen. Plaintiff paid the gas bill. On May 20th, he observed that the heater was out of order; the fire had gone out and gas was leaking. After turning off the gas at the main valve, he waited a few minutes, then turned on the gas and lighted

the fire with a match. Plaintiff then telephoned Mrs. Balan and asked her to send someone to look at the heater. She told him that she would discuss the matter with him when she came over to collect the rent. When Mrs. Balan came to the house a few days later, plaintiff asked her to have the heater fixed and she said that she would tell her husband about it. On June 7th, the heater was again out of order. Plaintiff turned off the gas, waited, turned on the gas and relighted the fire as he had done on the previous occasion. He then contacted Mrs. Balan by telephone and asked her if she had talked to Mr. Balan about repairing it. Mrs. Balan told him that her husband was going to have the heater fixed. Relying upon his conversations with Mrs. Balan, plaintiff did not call the gas company. Early the following morning, the heater exploded, causing a fire that spread through the kitchen and living room and destroyed or damaged most of plaintiff's furniture and other belongings.

In her testimony, Mrs. Balan denied having had any conversations with plaintiff about repairing the heater.

The court found: Defendants reserved to themselves the control of, and undertook to care for and maintain all portions of the demised premises. Plaintiff notified defendants of the defective heater prior to June 8th and requested them to repair it. The fire occurring on that date was caused by the negligence of defendants in failing to use reasonable care to keep the premises in a safe condition, in creating a dangerous condition on the premises, and in failing to repair or replace the heater although they knew it was defective and had ample opportunity to remedy the condition. The court found to be untrue the allegations of the answer that plaintiff was also negligent and that the demised premises were under his exclusive dominion and control.

In urging a reversal of the judgment, defendants contend that they were not negligent, that plaintiff assumed the risk and that he was guilty of contributory negligence as a matter of law.

We are of the opinion that defendants were under a duty to repair the heater and that the court was warranted in finding that they were negligent in failing to do so. Section 16905 of the Health and Safety Code states: "Every gas vent, gas water heater, or other gas appliance shall be maintained in good repair." The statute is contained in the State Housing Act, whose provisions "constitute minimum requirements for the protection, health, and safety of the public and

of the occupants of apartment houses, hotels, and dwellings.'' (Health & Saf. Code, § 15152.) The structure was a dwelling. (Health & Saf. Code, §§ 15002, 15014, 15018, 15019; *Baird* v. *Bradley,* 109 Cal.App.2d 365 [240 P.2d 1016].) Since plaintiff was a member of the class for whose benefit section 16905 was enacted, the statute imposed upon his landlords the duty of maintaining the heater in a reasonably safe condition. (*Black* v. *Partridge,* 115 Cal.App.2d 639, 645 [252 P.2d 760].) It also subjected them to criminal liability, for under sections 17900 and 17901 of the Health and Safety Code, a violation of any of the provisions of the State Housing Act is punishable as a misdemeanor.

The evidence clearly established a violation of section 16905. The heater was undoubtedly defective. Although repeatedly requested to do so, defendants failed to repair it. It was a reasonable inference, if not a necessary one, that the explosion and fire would not have occurred had the appliance been kept in good repair. The court could properly have concluded that defendants' breach of duty was a proximate cause of the damage. As we have said, the statute was enacted for the benefit of a class to which plaintiff belonged and to prevent the kind of accident which unfortunately occurred. ▮ Where a penal statute establishes a standard of care, and a violation of the statute is a proximate cause of the kind of injury to a member of the protected class which it was designed to prevent, the violator is presumed to have been negligent. (35 Cal. Jur.2d 502, 503, 510.) ▮ Of course, the presumption of negligence may be rebutted by evidence establishing a reasonable justification or excuse for disobeying the statute. (*Alarid* v. *Vanier,* 50 Cal.2d 617 [327 P.2d 897].) ▮ But in the present case there was no showing of any circumstances tending to excuse defendants' inaction. The evidence amply supported the finding that they were negligent.

We have now to consider the related contentions of the Balans that plaintiff was guilty of contributory negligence as a matter of law and that he voluntarily assumed the risk of any damage arising from the continued use of the defective heater.

▮ The argument that Ewing must be deemed to have assumed the risk is not sustainable. Defendants rely upon the rule that a tenant assumes the risk of damages arising from conditions of the premises that are obvious to ordinary observation. (*Powell* v. *Stivers,* 108 Cal.App.2d 72 [238 P.2d 34]; 30 Cal.Jur.2d 295-296.) The rule is inapplicable. It is

merely a corollary of the common law principle that a landlord is not liable to his tenant for damages resulting from patent defects in the absence of a covenant to repair. (*Dorswitt* v. *Wilson*, 51 Cal.App.2d 623, 625 [125 P.2d 626]; *Colburn* v. *Shuravlev*, 24 Cal.App.2d 298 [74 P.2d 1060].) As we have pointed out, defendants were required by statute to keep the heater in good repair. ▉ And assumption of the risk is not available as a defense to an action based upon the violation of a safety law intended to protect the plaintiff against the very risk which he is said to have assumed. (*Finnegan* v. *Royal Realty Co.*, 35 Cal.2d 409 [218 P.2d 17]; *Bickham* v. *Southern Calif. Edison Co.*, 120 Cal.App.2d 815 [263 P.2d 32]; *Atherly* v. *MacDonald, Young & Nelson, Inc.*, 142 Cal. App.2d 575 [298 P.2d 700].)

▉ Plaintiff was required to use ordinary care for his own safety. Whether he did so was a question of fact unless upon no reasonable interpretation of the evidence could it be said that he was free from negligence. ▉ In urging that plaintiff was negligent, defendants mention several steps consistent with due care that Ewing might have taken but did not take. He could have had the heater repaired and deducted the cost from his next month's rental following the Balans' failure to make repairs within a reasonable time after notice. (Civ. Code, § 1942.) Or, defendants say, he could have turned off the gas and gone without hot water until they fixed the appliance.

Although these arguments could well have impressed the trial court, they cannot prevail upon this appeal. As we have said, Ewing relied on his landlord's promise to fix the heater. In the absence of a duty of repair, a landlord's failure to make promised repairs is mere nonfeasance, giving rise to no liability. (*Daulton* v. *Williams*, 81 Cal.App.2d 70, 75 [183 P.2d 325]; *Dorswitt* v. *Wilson, supra*, 51 Cal.App.2d 623, 625.) But we cannot say that a tenant is necessarily negligent in relying on the promise in situations where the landlord has a duty to make repairs. Whether plaintiff's reliance on Mrs. Balan's assurances was consistent with due care was a question which the court could reasonably have decided in his favor.

The judgment is affirmed; the purported appeal from the order denying defendants' motion for a new trial is dismissed.

Wood (Parker), J., and Vallée, J., concurred.