. [Civ. No. 26261.    Second Dist., Div. Three.    June 18, 1963.]

ANNIE METCALF, Plaintiff and Appellant, v. AARON CHIPRIN et al., Defendants and Respondents.

Lee, La Vigne & Davis and B. J. Davis, Jr., for Plaintiff and Appellant.

Goodman & Hirschberg, Max A. Goodman and Stephen Scott King for Defendants and Respondents.

SHINN, P. J.—This is an appeal by plaintiff from a summary judgment entered in favor of defendants. The action is for damages for personal injuries suffered by plaintiff who was injured when struck by the mantelpiece and bricks from a fireplace in a dwelling owned by defendants. The house was then occupied by William Metcalf as the tenant of the premises and at the time of her injury plaintiff was present upon the invitation of William. It is alleged that the property was in an unsafe and defective condition, that defendants knew of the condition and negligently failed and neglected to remedy it but that they promised, covenanted and agreed with William that they would cause the repair of the fireplace and its restoration to good condition, which they failed to do; plaintiff was unaware of the condition. The motion of defendants for summary judgment was upon the ground that there was no issuable question of fact and it was based in part upon the affidavit of Barrie M. Karen. The affidavit stated in part that the deposition of William had been taken and that he stated therein that he had never talked with Mrs. Chiprin; he did all his business with Mr. Chiprin; he had talked to Mr. Chiprin about the fireplace on two or three occasions; he showed Chiprin where the fireplace was coming loose from the wall; he did say to Chiprin that the fireplace was loose from the wall and was leaning forward about 2 inches. He told Chiprin "You need to put a brace on this. . . . What he said I couldn't tell you, whether he said he was going to fix it or what he said." He (Metcalf) did not ask Chiprin to fix it; he told Chiprin that if he put a brace on it it would not fall but he did not remember what Chiprin replied. He mentioned it to Chiprin in July 1960 and on a later occasion in August and when asked "You don't remember whether he told you he was going to fix it or not? A. I don't remember the conversation. I don't remember what he told me."

Metcalf filed an affidavit in opposition to the motion stating that he was the son of plaintiff, Annie Metcalf, and "that as

a result·of his conversations with Aaron Chiprin which took place on the premises on South Western Avenue, Metcalf had the impression that Chiprin was going to fix the toilet, the electrical fixtures, and the fireplace; that he remained as a tenant of Chiprin because of his impression that these things, namely, the toilet, the electrical fixtures and the fireplace, were going to be fixed by Chiprin.''

The obvious ground of the order granting summary judgment was that it appeared from the affidavits that plaintiff would be unable to establish that Chiprin owed a duty to William, or to plaintiff Annie, to repair the fireplace in the absence of evidence that there was a defect known to Chiprin which was concealed from the tenant, or that Chiprin had agreed under the terms of the tenancy, or by separate contract supported by a consideration, to repair defects, or having undertaken to make repairs he had done so negligently.

█ A promise of the landlord to repair dangerous conditions that are known to the tenant, if unsupported by a consideration, imposes no duty on the landlord to make the repairs and no liability for injuries to the tenant caused by the condition, if it is not corrected. (*Dorswitt* v. *Wilson*, 51 Cal.App.2d 623 [125 P.2d 626]; *Zavalney* v. *Donovan*, 70 Cal.App.2d 182 [160 P.2d 558]; *Daulton* v. *Williams*, 81 Cal. App.2d 70 [183 P.2d 325]; *Sherrard* v. *Lidyoff*, 108 Cal.App. 2d 325 [239 P.2d 28].)

█ If by the terms of the leasing the landlord agrees to repair defective conditions he is, of course, obliged to do so, and he assumes the same duty if he later makes a separate agreement supported by a consideration to remedy the condition. (*Singer* v. *Eastern Columbia, Inc.*, 72 Cal.App.2d 402 [164 P.2d 531].) In this case Sabin, occupying the premises from month to month, called the landlord's attention to the dangerous condition of a window where two panes joined, and the landlord promised to correct it, but failed to do so. The tenant's employee, injured by the breaking of the window, had a cause of action against the landlord based upon his breach of promise to correct the condition. The court stated (pp. 411-412): ''The fact that the tenant has knowledge of a defective condition, although it relieves the landlord of liability where there is no agreement upon his part to repair, does not relieve him where there is such an agreement. . . . the agreement of the landlord to correct a condition which is dangerous places him under a duty which would not exist otherwise, and in order to relieve himself of responsibility· he

must correct the condition as agreed, and not merely notify the tenant that it exists. . . . (p. 406) It was necessary for plaintiff to plead and prove that defendants owed her the duty of ordinary care to place and maintain the premises in a reasonably safe condition. Accordingly, plaintiff alleged that as a part of the consideration for the subletting, use and occupancy of the premises by Sabin, defendants orally agreed and covenanted to place and keep the premises in good condition and repair. . . . (p. 409) Defendants say that if there was a promise that they would repair the condition of the windows, it was without consideration, but we think the jury could have determined otherwise, and that defendants' original promise to repair was one of the terms of the rental agreement. Also, according to the testimony of Sabin, he relied upon the several later promises to make repairs and was induced thereby to continue his tenancy from month to month. There was therefore evidence that defendants agreed to make the repairs and that the agreement was supported by a consideration.''

Plaintiff endeavored to plead a case within the holding of *Singer* by alleging that Metcalf continued in occupancy of the premises in reliance upon Chiprin's promise to repair the fireplace. It was not alleged that Metcalf made known his intention to Chiprin. He did not inform Chiprin that he would leave the premises if the repairs were not made. He offered Chiprin no inducement to make the repairs. If Chiprin promised to make them his promise was a mere gratuity, entirely unilateral and without consideration. If the testimony of Metcalf given by deposition and the statements of his affidavit stood alone the court would have been obliged to conclude that Chiprin did not promise to make the repairs. However, plaintiff introduced the affidavit of Bernice Russell which stated that in September 1960 she overheard Chiprin tell Metcalf that he (Chiprin) would fix the fireplace, but that she heard no more of the conversation. Metcalf remained in the premises five months from July to December after he had called Chiprin's attention to the condition of the fireplace and had mentioned the matter several times thereafter. There was no evidence, and no permissible inference from the discussions that had been had, that Metcalf informed Chiprin that he would remain as a tenant in reliance upon Chiprin's promise to fix the fireplace. Repair of the fireplace was not shown to be one of the terms of the tenancy or a condition of the continuation of the same.

In her reply brief, plaintiff makes reference to certain provisions of sections 15035, 17800 and 17821 of the California Health and Safety Code. The first section relates to conditions, among others, which would permit the entry into a building of rain or wind to a dangerous extent and to foundations and walls in a condition dangerous to life or detrimental to health; the next section requires that "Every building shall be maintained in good repair," and the third section declares a building to be a nuisance if it has become unfit for human habitation or occupancy. It is argued that the condition of the fireplace created a dangerous or defective condition in violation of the requirement that buildings should be maintained in good repair and that the duty to repair was shifted from Metcalf to Chiprin. No authority is cited for this proposition, nor is it supported by any reasoning. The present action is founded in a claimed breach of duty arising in contract. The statutory law imposing a duty to keep buildings in good repair or safe condition creates no contract rights or duties as between landlord and tenant. In the absence of any promise on the part of the landlord with respect to a condition of leased premises which is known to the tenant, the duty, if any, to make repairs rests upon the latter. The fact that the building might be in a condition which would be violative of statutory law could not operate to create a contract with respect to repairs between the landlord and a tenant.

Under the circumstances shown by the affidavits, defendants were not liable for the injuries suffered by plaintiff as an invitee of Metcalf. The trial court correctly held that there was no triable issue of fact.

The judgment is affirmed.

Ford, J., and Files, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 14, 1963. Gibson, C. J., and Tobriner, J., were of the opinion that the petition should be granted.