[Civ. No. 22443.   First Dist., Div. Two.   Sept. 27, 1965.]

WALTER EDWARD LEE, Plaintiff and Appellant, v. DANTE GIOSSO, Defendant and Respondent.

Edward E. Heavey for Plaintiff and Appellant.

Sedgwick, Detert, Moran & Arnold and Donald W. Malouf for Defendant and Respondent.

TAYLOR, J.—This is an appeal from a judgment of nonsuit dismissing appellant's complaint for damages for the wrongful death of his wife who died on November 13, 1961, as the result of injuries sustained when the door of a wall bed collapsed. Appellant contends that he has a cause of action against his landlord, respondent Giosso, and that the court erred in denying his request for a jury trial.

Viewing the evidence in the light most favorable to appellant, as we must on appeal from a nonsuit (*Aguirre* v. *City of Los Angeles,* 46 Cal.2d 841, 844 [299 P.2d 862]), the following facts appear: In January of 1956, appellant Walter Lee and his wife rented a furnished apartment at 725 Van Ness Avenue in San Francisco. The pertinent portions of the written lease provided that the tenants: 1) agreed that the apartment and furnishings were all in good condition and were to be maintained at the tenants' expense; 2) expressly assumed the responsibility for keeping the apartment in good condition; 3) waived any and all rights to make repairs at the expense of the landlord and waived the provisions of section 1942 of the Civil Code; 4) absolved the owner and manager of the apartment from any and all claims for damages to person or property from any cause whatever.

In 1957, respondent acquired the apartment building at 725 Van Ness Avenue and became the Lees' landlord. In June or July of 1961, the door of the wall bed in the dining room began to scrape on the floor and Mrs. Lee found it so difficult to manipulate that she left the bed down at all times thereafter. She mentioned the matter to respondent on several occasions, the last time being on October 20, 1961, when he came to collect the rent. She told him that she would like to have the door fixed because it was scraping the floor and she had trouble putting the bed up, and further explained that she and her husband were expecting company for Thanksgiving dinner and she did not want the bed in the dining room at that time. Respondent orally agreed to fix the bed door but failed to do so. After the fatal accident, respondent entered the Lee apartment and found a wrench missing from the door's pivotal mechanism.

In this state, a landlord is not liable to the tenant for injuries due to a defective condition or faulty construction

of the demised premises, in the absence of fraud, concealment or covenant in the lease (*Forrester* v. *Hoover Hotel & Inv. Co.,* 87 Cal.App.2d 226 [196 P.2d 825]). ▮ In the instant case, there is no evidence of fraud, the lease absolved the landlord from all responsibility, and the defect was latent and as unknown to respondent as to the Lees. This case is on all fours with *Forrester* v. *Hoover, supra,* where the tenant was injured by a falling wall bed and was denied recovery in the absence of any evidence of the landlord's concealment of a known latent defect.

In the *Forrester* case, as in this one, the tenant relied on *Fisher* v. *Pennington,* 116 Cal.App. 248 [2 P.2d 518]. In *Fisher,* the tenant of a furnished apartment, injured during the first month of his tenancy by a wall bed, recovered from his landlord under the landlord's warranty of fitness of personal property for use and occupancy (Civ. Code., §§ 1833, 1955). ▮ The court in the *Forrester* case pointed out that in *Fisher,* the injury was sustained during the first month of the tenancy, while in the *Forrester* case, 14 months elapsed between the inception of the tenancy and the accident, and that the landlord's implied warranty of personalty did not survive the long period of time. In the instant case, several years of the tenancy had elapsed before the mishap.

Appellant seeks to bring the case within the doctrine that where the landlord actually makes repairs, he is liable for his negligence. Appellant argues that respondent, in failing to make the promised repairs, was guilty of misfeasance. ▮ The failure to make repairs after a notice or a promise to do so. is nonfeasance and imposes no tort liability on a landlord (*Dorswitt* v. *Wilson,* 51 Cal.App.2d 623 [125 P.2d 626]), except where such a promise is supported by an independent consideration (*Metcalf* v. *Chiprin,* 217 Cal.App.2d 305 [31 Cal.Rptr. 571]). In the instant case, the Lees did not indicate. that their October 20 rental payment was made in consideration of the promised repairs and there was no showing of any other independent consideration therefor. *Singer* v. *Eastern Columbia, Inc.,* 72 Cal.App.2d 402 [164 P.2d 531], cited by appellant, is clearly distinguishable on this very ground.

▮ Appellant's final contention is that he was wrongfully deprived of a jury trial. Respondent had made the initial request for the jury but then waived it during the trial. At that time, appellant requested a jury. As appellant had expressly waived a jury ·at the time he filed his memorandum to set and at the pretrial conference, his subsequent demand

of a jury during the trial was untimely and properly denied (*Cloud* v. *Market Street Ry. Co.*, 74 Cal.App.2d 92 [168 P.2d 191]; Code Civ. Proc., § 631).

The judgment is affirmed.

Shoemaker, P. J., and Agee, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 24, 1965. Peters, J., and Tobriner, J., were of the opinion that the petition should be granted.