[Civ. No. 9649. First Appellate District, Division One.—January 10, 1936.]

CRAIG CARRIER, Respondent, v. PIGGLY WIGGLY OF SAN FRANCISCO (a Corporation), Appellant.

Sherman & Peters for Appellant.

Hettman & Scampini and Herbert Chamberlin for Respondent.

McNUTT, J., *pro tem.*—Plaintiff transacted a linen supply business furnishing to Piggly. Wiggly stores, among others, laundry service and garments worn by employees. In 1925 the business relation of the parties commenced and it continued up to about June of 1927, when the defendant discontinued it. An employee of plaintiff called at the office of defendant to ascertain why plaintiff was no longer receiving patronage, with the final result that defendant and plaintiff entered into a contract which is the basis of this suit.

"San Francisco, December 31, 1927.

"Pacific Linen Supply Company (supplier) agrees to provide and deliver as requested, and Piggly Wiggly of San Francisco (hirer) agrees to take, all clean linen required or used in hirer's business at all stores in San Francisco (General Offices 446 Bryant Street, San Francisco) for the period of Twelve Months from December 31, 1927 and for like periods thereafter unless terminated by thirty days' notice thereof before the expiration of any period.

"Hirer shall pay for said linen at the following rates:

| Article | Minimum Weekly | Price |  |
|---|---|---|---|
| * * * * * * * * * * | each |
| Caps-Blue | 100 | .12 | " |
| * * * * * * * * * * |
| * * * * * * * * * * |
| Gowns-Blue | 100 | .35 | " |

"The foregoing prices are based upon the agreement of hirer to take and use supplier's linen exclusively for the term hereof.

"Hirer shall return all linen supplied hereunder in good order and condition, reasonable wear and tear excepted, or pay for same at the following rates:

* * * * * * * * * * * *

"At the expiration of this agreement the hirer agrees to purchase from the supplier the entire stock purchased by supplier for this service at the price of supplier's cost. This purchase, however, is contingent upon this agreement being terminated by the hirer.

"Title to all linen shall remain in supplier.

"PIGGLY WIGGLY OF SAN FRANCISCO,
"By Y. B. REDIKER.
"PACIFIC LINEN SUPPLY COMPANY,
"By PEYTON BARNETT.

"Received from the above named hirer the sum of ———— dollars as guarantee for the faithful performance of the above contract.

"PACIFIC LINEN SUPPLY COMPANY,
"By ————————"

Judgment went for plaintiff and defendant appealed.

■ The evidence was in conflict as to the authority of one Rediker to bind the defendant corporation. Since there was evidence ample to support the finding in favor of such authority, it cannot be disturbed on appeal. ■ Appellant contends that since the contract was one, of necessity, in writing, the authority of the corporate agent to enter into the same must have been in writing. The trend of authority is to the contrary. Corporations can act only through

the agency of natural persons, and it has been held that the authority of an agent of a corporation need not be in writing, so far as the statute of frauds is concerned. (*McCartney* v. *Clover Valley Land & Stock Co.*, 232 Fed. 697, citing *Boggs* v. *Lakeport Agricultural Assn.*, 111 Cal. 354 [43 Pac. 1106].)

■ Appellant urges the insufficiency of plaintiff's complaint. Its opening brief devotes some time to arguing its demurrer and motion to strike. From the record as a whole it is clear that this case was fully and fairly tried upon the complaint which was sufficient to present and did present issues and that the appellant was not in any sense misled. The reporter's transcript contains the opening statements made by counsel for the respective parties, from which it appears that the only vital issue (apart from interpretation of the contract), was the authority of the corporate agent to enter into the contract. We quote from page 6 thereof where counsel for defendant below, here appellant, addressed the court as follows: "Of course, the chief issue is whether the contract is in existence. We denied it. We simply advance as our special defense that whoever signed the contract had no authority at all to bind the corporation." Under the authority of *McKay* v. *Hedger*, 139 Cal. App. 266 [34 Pac. (2d) 221], we believe that appellant cannot be heard to complain. It is there said: "In concluding that the informality of the complaint did not mislead appellants and therefore is not prejudicially erroneous we can adopt the following language from *Tietke* v. *Forrest*, 64 Cal. App. 364 [221 Pac. 681] . . . : 'The matter of pleading becomes unimportant when a case is fairly tried, as this one apparently was, upon the merits and under circumstances which indicate that nothing in the pleadings misled appellant to his injury. (*Stein* v. *United Railroads of San Francisco*, 159 Cal. 386 [113 Pac. 663]) . . . '"

■ Appellant Piggly Wiggly received service from respondent up to March, 1930, when it declined to receive further service and repudiated and hence terminated the contract. From the point of discontinuance up to the end of the year 1930, which was during the life of the contract according to its terms, respondent was entitled to the established weekly minimum of $47 for 43 weeks, less the overhead cost of $21.65 per week. The court below, however, gave respond-

ent judgment for $2,021, which was the full contract cost of service. Inasmuch as this service was not rendered the plaintiff is entitled to judgment for its costs of caps and gowns in good order up to the termination of the contract, namely: March, 1930, plus what it would have earned had Piggly Wiggly continued to take the service according to its agreement. Therefore $930.95 is to be deducted from the recovery which plaintiff had below because it amounted to unexpended overhead.

We have thus answered the question put by appellant: Are damages properly allowed where there is no allegation of damages or facts whereby such damage may be measured; because by giving to the plaintiff his contract price of service, less the overhead cost of rendition, he is getting only what his contract called for.

Upon the initial discontinuance of service by plaintiff Piggly Wiggly had laid in a stock of caps and gowns in colors, and up to the time of the signing of the contract was having those gowns laundered by someone other than the plaintiff. The evidence shows that the contract was entered into because its previous method of caring for its needs had proved unsatisfactory. The considerations which appear to have induced this contract were that the plaintiff buy the stock of blue garments which Piggly Wiggly had on hand, at their cost, and that plaintiff, having laid in a sufficient supply to take care of defendant's needs, defendant agreed to take off the hands of plaintiff, in the event of termination of the contract by the hirer, gowns then on hand at their cost to the plaintiff supplier. The evidence further shows that plaintiff could not afford to lay in this stock of gowns and give the service at the prices set out in the contract unless Piggly Wiggly agreed to certain weekly minimums. The contract was not terminated by the thirty days' notice before the expiration of any annual period, therefore plaintiff brought suit for recovery of the sums agreed to be paid under the contract during its life, namely: For service from March to the expiration of the year 1930, and for the cost to plaintiff of the gowns on hand at date of discontinuance or termination.

The court below rendered judgment for plaintiff for the full amount prayed upon the theory that the payments required by the contract furnished a *prima facie* measure of

damages and that the burden of proof was on the defendant to show, if it could, that such were not the actual damages. (*Marconi W. T. Co.* v. *North P. S. S. Co.*, 36 Cal. App. 653 [173 Pac. 103].) However, the evidence was uncontradicted that it cost the plaintiff $21.65 overhead to render the service per week, therefore, since no service was rendered between March and December, the hirer was entitled to the benefit of this allowance as unearned by the plaintiff because unexpended by the supplier.

Appellant suggests that no finding was made that defendant agreed to make minimum payments, the answer to which is that the contract is pleaded and when its terms are read, together with the conduct of the parties under it, it follows that the judgment of the lower court in that behalf was proper. And again it is urged "there was no proof offered at the trial to show what plaintiff's net profit might have been after March 1st, 1930". In this we cannot agree. The contract price was *prima facie* what the plaintiff was entitled to less the cost of earning the weekly minimum for which, by this decision, appellant is given credit by a reduction *pro tanto* in the judgment.

No notice is taken of the claim by appellant that Piggly Wiggly of San Francisco, a corporation, was dissolved or of the effect of said dissolution because of the express stipulation below that those were matters not before the court.

Appellant contends that the judgment is excessive in that, though no service was rendered between March, 1930, and December, 1930, the supplier was given its cost of gowns as of March, 1930, rather than at the end of a year when an allowance should be made for deterioration. It would be impracticable to ascertain what this element would amount to, and such impracticability evidently impelled the parties to draw the contract in the terms in which they did, allowing as in the nature of liquidated damages the cost to plaintiff of the value of his supplies on termination.

The judgment is therefore modified by reducing the amount of recovery in the said sum of $930.95 and as so modified stands affirmed, each party to bear his own costs of appeal.

Knight, Acting P. J., and Cashin, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 9, 1936.