[Civ. No. 19072.   Second Dist., Div. Two.   Oct. 16, 1952.]

WILLIAM ODENTHAL, Respondent, v. HARRY W. LEE, Appellant.

Myron W. Silverton and Robert M. Bushnell for Appellant.

Roy B. Woolsey for Respondent.

MOORE, P. J.—Judgment for $3,342.09 against defendant was entered on the court's finding that he was indebted to plaintiff on an account stated.  A reversal is sought on the ground that the evidence is insufficient to support the findings that there was an account stated between the parties for the sum of $9,388.85 either on May 24, 1948, or on June 30, 1948. No attack is made on the finding of an unpaid open book account.  The findings disposed of the latter account by the declaration that the sum of $3,342.09 would be due, owing and unpaid by defendant on the book account "except for the account stated herein referred to on which said sum is owed." Appellant says "because of said exception defendant limits this appeal to said account stated."

Not only is the judgment supported by the finding of the unpaid open account, but the evidence in substantial amount supports the finding that the account was twice stated. Invoices and statements showing the materials delivered and services rendered during 1946 and 1947 were sent to appellant. During the same period the invoiced items were posted in respondent's ledger account to Mr. Lee.

On May 24, 1948, appellant met in conference with Leonard Odenthal, respondent's nephew and former employee, when the two discussed a statement of appellant's account with respondent. A copy of the identical paper appears in the margin below.[1] Leonard testified appellant agreed with him that the balance of $9,388.85, as shown on Exhibit 4 was the correct, unpaid balance of appellant's account with respondent and that it included the "Degnan extras of $1,355."

Some confusion arose out of the events that occurred at the second meeting of the same day when respondent and Leonard met appellant and his attorney, Mr. Bushnell. Having no knowledge of the agreement already made by appellant and Leonard, Mr. Bushnell prepared a "Receipt and Release" to be executed by respondent. That writing recited that in consideration of the payment by Lee of $4,000, respondent should release appellant from all claims existing

---

[1](Exhibit 4)

ALERT ELECTRIC COMPANY
306 East Washington Boulevard
Los Angeles 15, California
PRospect 0745

May 21, 1948

LEE CONSTRUCTION CO.
8713 South Van Ness Ave.,
Inglewood, California

| Date | | Debit | Credit | Balance |
|---|---|---|---|---|
| 8/12/46 | Inv #8940 Wall St. Job | 536.78 | | 536.78 |
| 11/16/46 | Inv #9168 Degnan Motor | 4,408.81 | | 4,945.78 |
| 11/30/46 | Inv #9208 Amato Job | 923.59 | | 5,869.18 |
| 12/11/46 | Inv #9251 Degnan | 1,335.02 | | 7,204.20 |
| 12/11/46 | Credit (Degnan) | | 23.21 | 7,180.99 |
| 12/11/46 | Credit (Degnan) | | 69.02 | 7,111.97 |
| 12/26/46 | Inv #9296 (Moench-Davis) | 622.06 | | 7,734.03 |
| 1/14/47 | Credit Pepperdine check | | 622.06 | 7,111.97 |
| 1/20/47 | Inv #126 (Degnan) | 1,150.33 | | 8,262.30 |
| 2/ 3/47 | Credit Cancel Inv #126 | | 1,150.33 | 7,111.97 |
| 2/ 3/47 | Inv #154 (Degnan) | 2,070.15 | | 9,182.12 |
| 3/26/47 | Inv #230 (Amato) | 127.78 | | 9,309.90 |
| 8/19/47 | Inv #390 (Buick Job) | 61.17 | | 9,371.07 |
| 9/29/47 | Inv #434 Water pipe | 17.78 | | 9,388.85 |

in favor of respondent arising from the latter's furnishing labor and materials for the construction of the "Greenwald" improvements. When the discussion arose that such document might be interpreted to mean a full settlement for $4,000 and for that reason respondent should not sign it, appellant stated to Leonard that the writing referred to the Degnan account only, appellant signed a writing below Mr. Odenthal's release as follows:

"The above agreement does not affect, change or alter the separate agreement between the said parties covering extra electrical work on the Degnan job and other agreed upon credits and debits between H. Lee, dba Lee Construction Co. and William Odenthal and/or Alert Electric Company."

The $4,000 having been paid to respondent, he conferred with appellant with reference to a statement of appellant's account showing the payments of (1) the $4,000; (2) $1,046.76 profit due Lee on a building constructed for respondent and (3) $1,000 paid for the latter to Woodcock, aggregating $6,046.76, leaving the balance due respondent, to wit, $3,342.09, including the Degnan extras of $1,355.02. No objection to the balance was made then by appellant, nor was denial made at any of the four subsequent telephonic conversations between the two men that such sum was due. Moreover, respondent gave testimony as to the materials furnished appellant and the prices at which they were sold, and filed in evidence his ledger account against Mr. Lee.

Appellant has argued at length the vices of respondent's evidence and the virtues of his own. But no one could profit by a discussion of the comparative strength and weakness of the proof adduced by each party. It is still the rule that when the reviewing court has determined there is substantial evidence in the record in support of the findings of the trial court a reversal cannot be had on the ground of the insufficiency of the proof. (*Estate of Bristol*, 23 Cal.2d 221, 223 [143 P.2d 698].) The court having found the existence of an open book account in the same amount as that of the account stated, no reversal could be had even though the correctness of the unpaid balance had never been agreed to. The trial court's finding that the sum of $3,342.09 is unpaid on the open book account is tantamount to a finding by this court that after our examination of the entire record including the evidence we are of the opinion that the judgment did not result in a miscarriage of justice. (See Const., art. VI, § 4½.)

As to the testimony of appellant and those who came to corroborate him, the court was free to reject such proof even though the witnesses may have been unimpeached, for the court was entitled to consider "their interest in the result of the case, their motives, the manner in which they testify and the contradiction appearing in the evidence." (*Giannini* v. *Bank of America,* 101 Cal.App.2d 805, 806 [226 P.2d 712].)

Judgment affirmed.

McComb, J., and Fox, J., concurred.