[Civ. No. 15724.   First Dist., Div. Two.   Mar. 23, 1954.]

E. A. OLCESE et al., Respondents, v. RAYMOND DAVIS et al., Defendants; MILDRED A. HANSEN, Appellant.

Connolly & Cerini and Arthur H. Connolly, Jr., for Appellant.

Langer & Simpson and J. C. Simpson for Respondents.

NOURSE, P. J.—This is an action for damages for the alleged breach by sellers of an oral agreement to buy and sell the total crop of onions being harvested on a certain ranch for $1.10 per bag, of which crop 6,000 bags were delivered and paid, but delivery of the larger balance was refused notwithstanding several demands. Damages are based on the loss of profits which plaintiffs would have made by sale of the balance of the onions in Havana, Cuba.

The main defense was that the oral agreement was not as alleged and that the delivery of 6,000 bags was not a part performance of such agreement but was a full performance of an oral agreement for that quantity only.

The court sitting without a jury found for plaintiffs and defendant Hansen appeals, the action having been dismissed

as to defendant Davis. Appellant primarily urges a reversal on the ground that neither the contract as alleged nor circumstances taking it out of the statute of frauds for the purpose of this action were proved. It was agreed at the trial that oral evidence as to the alleged agreement would be admitted subject to motion to strike if part delivery and acceptance taking it out of the statute were not proved.

The contention that the oral evidence did not support the finding of an agreement of sale of the whole crop is based on minor discrepancies in the testimony of the witnesses for plaintiffs who testified to that effect and on arguments as to their credibility and the weight of the evidence. That these are matters for the trier of facts, which cannot be reviewed by us, is too well known to require citation of authority.

With respect to the insufficiency of the evidence to take the agreement out of the statute, appellant advocates the theory that plaintiffs in this action by buyers must prove that defendant seller delivered the 10 cars (6,000 bags) to plaintiffs in recognition of, and pursuant to, the larger oral contract which plaintiffs seek to enforce. Appellant relies mainly on *Howland* v. *Iron Fireman Mfg. Co.*, 188 Ore. 230 [213 P.2d 177, 215 P.2d 380], which case, well reasoned and extensively supported by authority, is good authority for the rule stated. The rule itself is correct and sensible law in cases where, as here, the performance may refer to either one of two different alleged agreements. However, appellant's further contention that the seller's intention that his delivery be in reference to the contract alleged by the buyer must appear directly from the seller's actions and not only from his words, and that it cannot be proved by oral evidence of plaintiff's witnesses, is not supported by the Howland case or any other authority cited by appellant and must be rejected. The Howland case holds that the question to which of two alleged agreements the part performance is referable is for the jury, and states (215 P.2d at p. 384) that "the finding of the jury on disputed issues as to the nature of the contract may have a material bearing upon the further question as to whether acceptance and receipt [here delivery] were referable to the contract as found." The rule quoted by appellant from 12 California Jurisprudence 879: "Mere words, unaccompanied by any act, are not enough" do not relate to the reference of the part performance to a certain contract, but to the acceptance and receipt (or delivery)

itself. ■ Even in that respect the statement is incomplete as the acceptance by words alone is sufficient to satisfy the statute when the buyer is already in possession of the goods, e.g., by bailment or pledge. *Wilson* v. *Hotchkiss,* 171 Cal. 617 [154 P. 1, Ann.Cas. 1917B 570, L.R.A. 1916F 389] ; 1 Williston on Sales, 222). In other cases cited by the appellant in which the result was adverse to a plaintiff buyer, the facts showed that plaintiff knew that the delivery of seller was not intended to be in part performance of the alleged agreement. Our statute of frauds as to sales of goods does not contain any special requirement as to the kind of evidence admissible to show acceptance and receipt or part payment or their reference to the contract alleged by the plaintiff.

■ In this case the testimony of plaintiffs' witnesses that an agreement of sale was entered into for Guidice's total crop of medium onions, and that the defendant Davis, the manager of defendant Hansen, when the 10 carloads were delivered said that it was a partial shipment of the Guidice crop, that he was going to use eight cars of the Guidice crop to deliver to another client but that he would replace them by others if satisfactory to plaintiffs, if believed by the trial court, notwithstanding the strong denial by Davis as a witness, was sufficient to support the inference that the delivery of the 10 cars was intended by seller as pursuant to the alleged sale of the total crop. Even if the rule applicable to part performance of oral contracts involving real property that the proof relating to part performance and its reference to the alleged agreement must be "unequivocal" or "clear and convincing" applies also to acceptance and receipt taking oral contracts of sale of goods out of the statute of frauds (37 C.J.S. 826 et seq., § 287) such rule is for the guidance of the trial court alone and does not influence the review on appeal. (*Helbing* v. *Helbing,* 89 Cal. App.2d 224, 229 [200 P.2d 560] ; *Viner* v. *Untrecht,* 26 Cal. 2d 261, 267 [158 P.2d 3].) The decision of the trial court as to the conclusion, enforceability and breach of the alleged agreement must be upheld.

However, the judgment must be reversed because the wrong measure of damages was applied. With respect to the damages it is argued that there was no evidence showing that the normal measure of damages (Civ. Code, § 1787, subd. (3)), to wit, difference between contract price and market price at time and place of agreed delivery, could not be applied. There was no evidence that no onions were available for plaintiffs

to buy in the open market here, and even plaintiffs' witnesses testified that such onions were so available. It is further urged that even if loss of profits could have been used as basis for damages this should have referred to *net* profits (after deduction of all expenses, overhead, etc.) whereas here no expenses or overhead were deducted. Appellant also points out that there was no finding and no evidence as to the date of default so that there was no date as to which the price in Havana or elsewhere could be decisive, and the prices differed strongly at different dates.

The applicable rule of damages in cases of this kind is fixed in section 3354 of the Civil Code which reads: "In estimating damages, except as provided by sections three thousand three hundred and fifty-five and three thousand three hundred and fifty-six, the value of property, to a buyer or owner thereof, deprived of its possession, is deemed to be the price at which he might have bought an equivalent thing in the market nearest to the place where the property ought to have been put into his possession, and at such time after the breach of duty upon which his right to damages is founded as would suffice, with reasonable diligence, for him to make such a purchase."

Here the undisputed proof was that there were onions available in the open market at the time in question, that plaintiffs bought "quantities" of onions in the open market. But no evidence was offered as to the price they were required to pay for such onions—hence no proof of their loss, if any.

The plaintiffs did not plead that similar goods were unobtainable in the open market and the trial court made no express finding to that effect. In view of plaintiff's evidence such a finding could not have been made.

But for another and related reason the judgment cannot be sustained. It was based on this computation—cost price per bag $1.10; freight charges $1.18, total $2.28; selling price $3.00; "profit per bag $.72." The number of bags undelivered being 16,800 the court multiplied this by "profit per bag $.72" and gave judgment for $12,096. This computation does not allow anything for plaintiffs'. expenses for overhead or other costs for doing business. Furthermore the plaintiffs' own witness testified that at the time they were selling onions in Cuba at $2.40 per bag—not for the $3.00 allowed in the court's computation.

But the rule is settled in this state that in cases of this kind a plaintiff cannot recover his gross anticipated

profits. In *West Coast Winery, Inc.* v. *Golden West Wineries, Inc.,* 69 Cal.App.2d 166, 169 [158 P.2d 623], it was said: "However, when loss of profits is a factor in fixing damage the defendant is required to pay the plaintiff only the net profits, not gross profits, or gross selling price. The rule applicable in such a situation is stated in *Coates* v. *Lake View O. & R. Co.* (1937), 20 Cal.App.2d 113 [66 P.2d 463]. It is there said (p. 119); 'Gross profits are really not profits at all, for they generally refer to the excess in the selling price over the cost price without deducting the expenses of resale and other costs of doing business. (See *Buie* v. *Kennedy,* 164 N.C. 290 [80 S.E. 445].)

" 'To allow plaintiff to recover a judgment based in part on his gross profits would result in his unjust enrichment. If he is entitled to recover at all, because of his loss of profits, such recovery must be confined to his net profits. Net profits are the gains made from sales "after deducting the value of the labor, materials, rents, and all expenses, together with the interest of the capital employed." (Black's Law Dictionary, p. 1439.)' (See, also, *Carrier* v. *Piggly Wiggly of S. F.* (1936), 11 Cal.App.2d 180 [53 P.2d 400].) Here, to allow plaintiff to recover the retail sale price of the wine would be to put it in a better position than it would have been in if defendant had returned the wine according to the exchange agreement."

Judgment reversed and remanded for a new trial on the issue of damages only.

Dooling, J., and Kaufman, J., concurred.