[Civ. No. 23276.   Second Dist., Div. Two.   Mar. 30, 1959.]

GRACE B. BAZAURE, Appellant, v. DAVID RICHMAN
et al., Respondents.

Milan Medigovich and Ball, Hunt & Hart for Appellant.

Goebel & Donovan for Respondents.

HERNDON, J.—Appellant, a tenant of a furnished apartment in respondent's building, was injured while attempting to extinguish a fire in her apartment. Alleging that the fire was caused by a defective gas range, she sued respondent on three theories: (1) Negligence in the maintenance of the appliance; (2) breach of express and implied warranties; and (3) the making by respondent of false and fraudulent misrepresentations to the effect that the appliance was in good condition.

The trial judge made findings of fact adverse to appellant. These findings included the following: (1) that appellant was a tenant in respondent's building, having rented a furnished apartment in June, 1956; that included in the furnishings of said apartment was a gas cooking range; that between June, 1956, and September 6, 1956, plaintiff had noticed that the range was defective and had reported the defect to her landlord, who promised to repair it. (2) That on or about September 6, 1956, plaintiff was cooking chicken in a Dutch oven which contained Wesson oil and bacon grease; that plaintiff turned the gas on under the kettle, left the room, was gone for approximately one-half hour and when she returned the grease in the kettle was on fire; that plaintiff attempted to extinguish the fire and sustained burns to her person. (3) That there was no breach of warranty by the defendants which in any way caused or contributed to the accident or injuries sustained by the plaintiff. (4) That plaintiff was not misled or deceived by any statements, fraudulent or otherwise, made by defendant's manager. (5) If there was a defect in the stove, said defect was known to the plaintiff in that she used it continually for a long period of time after she knew of the defect and thereby assumed the risk of any injury she may have sustained by reason thereof. (6) Any injuries sustained by plaintiff were concurred in and contributed to directly

and proximately by the carelessness and negligence of the plaintiff in that she so carelessly and negligently conducted and comported herself at the the time and place alleged . . . as to cause said accident and any injuries or damages which she may have sustained. (7) Plaintiff assumed the hazard of any defect in the premises and all risks incidental thereto.

As stated by appellant "[t]his appeal from the judgment is based upon the insufficiency of the evidence to support the findings and judgment." ■ Thus, there is invoked at the outset the rule recently restated by this court in *Roberts* v. *Salot*, 166 Cal.App.2d 294, 296 [333 P.2d 232], that where an appellant urges the insufficiency of the evidence to sustain the findings, such contention requires him to demonstrate that there is no substantial evidence to support the challenged findings. (*Nichols* v. *Mitchell*, 32 Cal.2d 598, 600 [197 P.2d 550].)

Plaintiff testified that she and her husband moved into the apartment on May 30, 1956; that she first used the stove two or three days later and noticed that one of the front burners did not light when she turned the handle, so that she had to use a match to light it. Several days later she had further trouble with the stove. This was about the 5th or 6th of June. She said: ". . . I turned the burner on and it didn't light again, so I turned it off. Then I turned it on again and it did not light, and as I was turning it off, well, sort of a shot out of flame from the burner and it just startled me, so I just turned the stove off and I didn't use it any more."

Appellant said she reported this trouble to Mrs. Muscatt, the apartment house manager, who replied that she would have it fixed, telling appellant to "go ahead and use it, that the people use it in the same condition and it wouldn't harm me or I wouldn't get hurt in any way." During the month of June she found that the other burners worked the same way, that is: "You have to jiggle the handles a few times for the light to go on . . ." She again reported this to the manager and was again promised that it would be fixed and was told in the meantime to go ahead and use it. Again in August appellant discovered that the burners of the stove would ignite without being turned on. She had this experience about a week before the accident with the same burner that was involved in the accident. She reported this to the manager on the day before the fire. She was again promised that the stove would be fixed immediately.

Appellant testified that on the day of the accident she had

decided to prepare fried chicken for dinner; that she filled a Dutch oven approximately one-half full of Wesson oil and bacon grease. She put the oven on the right rear burner of the stove and had to jiggle the handle to light it. She set the burner for a medium degree of flame and cooked the chicken for approximately 30 minutes; she then removed the chicken from the Dutch oven, placing it on a plate. She turned off the burner, making certain that it was no longer burning. Since the grease was extremely hot, she did not remove the Dutch oven from the stove. She then went to the bathroom to take a bath; after about 30 minutes, when she finished her bath and entered the front room, she observed it was full of smoke; she went to the kitchen and saw the Dutch oven in flames. In attempting to smother the flames with a throw rug, she sustained the injuries for which she sought recovery.

The first finding which appellant attacks states, in substance, that after appellant turned on the gas under the Dutch oven containing the oil and grease, she left the kitchen and returned about 30 minutes later to find the contents on fire. Appellant points out that this finding, coupled with the court's failure to find that she turned off the gas, amounts to a finding that "plaintiff simply neglected to turn off the burner and that the fire started by reason of plaintiff's forgetfulness." If the record discloses any evidentiary support for this finding, an affirmance is indicated, since the necessary effect of the finding is that appellant's neglect was the sole proximate cause of the fire. (See *Hunter* v. *Freeman*, 105 Cal.App.2d 129 [233 P.2d 65]; *Wilson* v. *Ray*, 100 Cal.App.2d 299 [223 P.2d 313].)

But appellant contends that the trial court was bound to find in accordance with her uncontradicted testimony that she turned off the burner, so that it must have reignited itself spontaneously as it had done on the previous occasions to which she testified. However, the trial court could reject appellant's testimony either in whole or in part. As we recently stated in *Nevarov* v. *Caldwell*, 161 Cal.App.2d 762, 777 [327 P.2d 111], the trier of the fact ". . . properly may reject part of the testimony of a witness, though not directly contradicted, and combine the accepted portions with bits of testimony or inferences from the testimony of other witnesses thus weaving a cloth of truth out of selected available material." (*Bechtold* v. *Bishop & Co., Inc.*, 16 Cal.2d 285, 291-292 [105 P.2d 984]; cf. *Estate of Pelton*, 140 Cal.App.2d 512, 516 [295 P.2d 483].)

■ The trier of fact is the exclusive judge of the credibility of witnesses. (Code Civ. Proc., § 1847; *Hicks* v. *Reis,* 21 Cal.2d 654, 659-660 [134 P.2d 788].) ■ And as stated in *Rolinson* v. *Rolinson,* 132 Cal.App.2d 387, 390 [282 P.2d 98] : "It is not the law that a trial court must accept as true the testimony of witnesses that is uncontradicted. Their interest in the result of the case, their motives, and the manner in which they testify may be such to justify the court in disbelieving their testimony." ■ In the instant case the plaintiff, of course, was an interested party, and the trial court was free to reject her testimony that she had turned off the stove even though her testimony was otherwise uncontradicted and unimpeached. (*Odenthal* v. *Lee,* 113 Cal.App.2d 666, 669 [248 P.2d 937]; *Maslow* v. *Maslow,* 117 Cal.App.2d 237, 243 [255 P.2d 65]; see 8 A.L.R. 726.)

Appellant also relies on her own uncontradicted testimony to argue that there is no evidence to support the trial court's express finding that there was no breach of warranty. However, as we have pointed out, the trial court was not obligated to accept appellant's favorable version of the events anteceding her injury, and if the cause of the fire was her failure to turn off the gas under the kettle, then any negligence on the part of defendant or any breach of express or implied warranties was obviously immaterial. (*Cf. Stowe* v. *Fritzie Hotels, Inc.,* 44 Cal.2d 416, 422-423 [282 P.2d 890]; *Fisher* v. *Pennington,* 116 Cal.App. 248, 250-251 [2 P.2d 518].)

■ Furthermore, the judgment is independently supported by findings of contributory negligence and assumption of risk—findings which become immune from further review by us once we have discovered in the record any substantial evidentiary basis for them. Appellant testified that on at least two occasions very shortly before the accident she had experiences with the range which taught her that the burners were capable of relighting themselves spontaneously, notwithstanding that the controls were turned to the "off" position. Accepting this testimony as entirely true, and giving full credit to appellant's further testimony that respondent's manager told her nevertheless to continue using the stove and assured her that the stove would not harm her, it still remained within the province of the trial judge to interpret the assurances and to decide whether appellant's conduct amounted to an assumption of a known risk or was consistent with the proper standard of ordinary care.

Respondent's manager did not undertake to tell appellant that the burners would not relight themselves spontaneously.

If appellant's testimony is accepted, such a statement would have contradicted her own personal experience. Thus, the trial judge was justified in concluding that any assurances stated to have been given by the apartment house manager reasonably could have been understood as meaning only that there was no danger of an explosion or of poisoning from escaping gas. It was the province of the trial judge to decide from this evidence whether appellant assumed a known risk when she left a pan of grease on a burner which she knew was capable of relighting itself spontaneously. (*Sherrard* v. *Lidyoff*, 108 Cal.App.2d 325, 327 [239 P.2d 28]; *Dorswitt* v. *Wilson*, 51 Cal.App.2d 623, 624-625 [125 P.2d 626]; *Colburn* v. *Shuravlev*, 24 Cal.App.2d 298, 299 [74 P.2d 1060]; see generally 35 Cal.Jur.2d 814, § 267.) The same evidence afforded a sufficient basis for the trial court's finding that appellant was negligent. (*Sherrard* v. *Lidyoff, supra,* 108 Cal.App.2d 325, 327; see 35 Cal.Jur.2d 783, § 244.)

The judgment is affirmed.

Fox, P. J., and Ashburn, J., concurred.