Filed 8/2/22  A.S. v. A.P. CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| A.S.,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>A.P.,<br><br>    Defendant and Appellant. | 2d Civ. No. B313839<br>(Super. Ct. No. D352607)<br>(Ventura County) |

A.P. (Mother) appeals an order that denied her request for sole custody of her minor son Antonio and modified custody rights in favor of A.S. (Father).  We affirm.

FACTS

Mother and Father are the parents of Antonio, age eight.  Father filed a petition seeking custody of his child.  In 2015, the parents stipulated and the court ordered that the parents "share joint legal custody" of the child in "such a way so as to assure the child continuing contact with both parents."  One provision provided Antonio would be with Mother "every other week

beginning at 8:30 a.m. on Wednesday until 12:30 p.m. on Sunday."

In April 2021, Mother filed a "request for order" claiming Antonio "has been suffering" because of Father's physical and mental abuse. She requested "sole legal and physical custody."

Father denied her accusations. He testified Mother violated the trial court order by interfering with his custody rights and not cooperating in custody arrangements. Antonio wanted to live with him and was not afraid of him. Father did not abuse the child. On one occasion, he slapped him one time on the buttocks with his open hand. The child deserved that discipline.

Mother testified that at Christmas Antonio was crying. Antonio said his "dad hit him." Mother followed the court order and cooperated with Father. The court mediator's conclusion that Antonio was being influenced by her "emotions" was not true. Antonio feared Father and she did not encourage that fear.

Rachel Curtis, the superior court "mediator for Family Court Services," testified that Antonio "seemed unrealistic in explaining and self-disclosing his fears of [Father]." Mother is "negatively influencing [Antonio] to fear his father." Curtis recommended that "redefining the mother's time would give [Antonio] the time that he needs to be able to spend time with the father on the weekend, a full weekend." Allowing Father to have the extra time would allow Antonio "to bond" with Father and that is in the best interests of the child.

The trial court found that Father was credible and that Mother was not following the court order. The child "was in the middle of this conflict" and the status quo is "ruinous for [Antonio]." It followed Curtis's recommendation that for the

child's best interest he needed more time to bond with Father.  It ruled, "[T]he child shall be with the mother every other week beginning at school pick up on Wednesday until 5:00 p.m. on Sunday.  On the alternative week, the child should be with the mother beginning at school pick up on Wednesday until Friday at dismissal time.  That will start giving dad a full weekend on alternating weeks."  "Beginning next year . . . .  In the event the school resumes full-time, in-person instruction, mom shall have the first, third and fifth weekend of each month defined as Friday at school pick up time until Sunday at 5 p.m."

DISCUSSION

*Modifying Custody – No Abuse of Discretion*

"Trial courts have great discretion in fashioning child custody and visitation orders."  (*S.Y. v. Superior Court* (2018) 29 Cal.App.5th 324, 333.)  "We therefore review those orders for an abuse of discretion."  (*Ibid*.)  "The trial court's factual findings are reviewed for substantial evidence, in the light most favorable to the judgment."  (*Id*. at p. 334.)  We do not resolve evidentiary conflicts, weigh the evidence, or decide the credibility of the witnesses.  (*People v. Ochoa* (1993) 6 Cal.4th 1199, 1206; *Carlson v. Home Team Pest Defense, Inc*. (2015) 239 Cal.App.4th 619, 630.)

In addition to case law, Mother cites numerous works of literature that directly or tangentially touch on themes involving emotional issues stemming from parent, child, and sibling relationships.  We acknowledge the valuable insights these works provide.  Our decision, however, must be based on the appropriate standard of review.

Mother contends the trial court erred because:  1) Father was guilty of child abuse by "severely" beating Antonio "many

3.

times"; and 2) the child was "terrified" of Father and wanted to stay with her.

But these claims are based on citations to Mother's evidence. To challenge the sufficiency of the evidence, the appellant must set forth *all* the evidence in favor of the judgment. (*Pick v. Santa Ana-Tustin Community Hospital* (1982) 130 Cal.App.3d 970, 978-979.)

Moreover, there is evidence to support findings that Mother's claims were not true. Father testified that Antonio "aggressively" punched another boy in the stomach. That boy had a "kidney transplant" near that area. To discipline the child, Father said, "I held him by his hand and hit him *one time with an open hand on his bottom* and then sent him to the corner for a timeout." (Italics added.) The trial court could find this was lawful discipline and was not child abuse. (Welf. & Inst. Code, § 300, subd. (a); *In re D.M.* (2015) 242 Cal.App.4th 634, 640-641; *Gonzalez v. Santa Clara County Dept. of Social Services* (2014) 223 Cal.App.4th 72, 86, 92.) The mediator testified there was "no indication from any social worker" that abuse was "actually occurring" in Father's house. Father testified his son did not fear him and the child wanted to stay at his house.

The trial court could also reject Mother's accusations because it found she was not credible. (*Bazaure v. Richman* (1959) 169 Cal.App.2d 218, 221.) From Father's testimony, it could find Mother was interfering with Father's custody rights and not interested in coparenting.

Father and Curtis said Mother coached the child and this was alienating Antonio from Father.

Mother argues Curtis said "coaching *or* alienation was going on," which shows Curtis was merely guessing. But the trial

4.

court rejected this claim.  It found that Curtis said "the behavior of the child was explained by either coaching or alienation or perhaps a combination of the two."  Moreover, she also said the child "seemed unrealistic in explaining and self-disclosing his fears of father."  Curtis explained that Mother "is negatively influencing [Antonio] to fear his father."  The court could reasonably find this was detrimental because it alienated him from Father and undermined Father's right to contact his child. (Fam. Code, § 3020, subd. (b).)

Mother suggests there were no grounds to change the status quo.  But the trial court found the status quo was "ruinous" for the child.  Because Mother's conduct changed the relationship between Father and son, modification was necessary to protect that relationship.  The court properly followed the mediator's recommendations.  (*In re Marriage of Slayton* (2001) 86 Cal.App.4th 653, 659.)  From her testimony it could find a need to increase the child's bond with Father, and modification furthered that goal and the child's best interests.  (*In re Marriage of Brown & Yana* (2006) 37 Cal.4th 947, 956; *S.Y. v. Superior Court*, *supra*, 29 Cal.App.5th at p. 333.)

We have reviewed Mother's remaining contentions and we conclude she has not shown grounds for reversal.

DISPOSITION

The order is affirmed.

<u>NOT TO BE PUBLISHED.</u>

GILBERT, P. J.

We concur:

YEGAN, J.

PERREN, J.

6.

Michael Lief, Judge

Superior Court County of Ventura

_____

James Studer for Defendant and Appellant.
No appearance for Plaintiff and Respondent.